LAND CO. v. HOTEL.

(Filed March 16, 1904).

CONTRACTS—*Navigable Waters—Constitutional Law—Const. U. S.,
Art. I, sec. 10—The Code, sec. 2757.*

> The judgment in this case heretofore rendered by the supreme court
> is but the construction of a contract, and the violation of the
> constitution of the United States relative to the impairment
> of the obligation of a contract.

ACTION by Shepherd's Point Land Company against
the Atlantic Hotel, heard by *Judge Frederick Moore,* at
October Term, 1903, of the Superior Court of CARTERET
County. From a judgment for the defendant the plaintiff
appealed.

*Lindsay Patterson* and *W. W. Clark,* for the plaintiff.
*Simmons & Ward* and *C. L. Abernethy,* for the de-
fendant.

CONNOR, J. When this cause was called for trial at the
October Term of the Superior Court of Carteret County,
pursuant to the judgment of this Court, rendered at the
February Term, 1903, the plaintiff company obtained leave
of Court, and pursuant thereto amended its complaint, alleg-
ing "That the decision of the Supreme Court of North Caro-
lina rendered in this cause at February Term, 1903, impairs
the obligation of the contract entered into between the State
of North Carolina and its grantees, John M. Morehead and
W. H. Arendell, in the grant from the State to said More-
head and Arendell, of date May 24, 1856, and the obliga-
tion of the contract entered into between said grantees and
the plaintiff by their deed to the plaintiff of date July 2,
1857. That said decision of the Supreme Court is in vio-

lation of the provisions of section 10, Article I of the Constitution of the United States."

The defendants, by way of answer, denied the averment contained in the amendment to the complaint. The parties thereupon entered into a written agreement of record that the Court should determine the rights of the parties and direct the jury to answer the issues upon the same evidence, oral and documentary, set out in the case on appeal in this cause upon the trial before *Judge Brown*. It was further admitted by defendant that the conveyances introduced by the plaintiff cover Lot No. 1 in the plot, and that defendant obtained title thereto through intermediate conveyances from the plaintiff. His Honor instructed the jury to answer the issues as set out in the record, and rendered judgment against the plaintiff, to which exception was duly entered and appeal taken to this Court. The plaintiff insists that the grant of May 24, 1856, was a contract between the State and the grantees, and for this contention relies on the case of *Fletcher v. Peck,* 6 Cranch, 88. There can be no doubt, we think, that this is true. This Court, in the decision of this cause, certainly did not question it. Conceding the truth of the proposition, we endeavored to ascertain and declare the rights of the grantees under the grant. We stated the question presented thus: "A correct decision of this case involves an inquiry as to the extent to which the State has parted with the title to the land described in the grant under which the plaintiff claims, and what effect will be given to the words 'for the purpose of erecting wharves on the side of the deep waters next to their lands.'" The conclusion to which we arrived after a careful consideration of the authorities, and upon "the reason of the thing," is thus stated: "We are of the opinion that the grant to Morehead and Arendell of Square 83 operated to give them an exclusive right or easement therein as riparian owners and pro-

prietors to erect wharves, etc.; that when they ceased to be the owners of the land by conveyance to the Shepherd's Point Land Company, such easement passed as appurtenant thereto, and that it has passed by the several conveyances of the land as appurtenant to Lot No. 1; that such easement passed to the defendant company, and the plaintiff has no such title to the soil under the navigable waters as entitles it to maintain this action. "That we may determine whether a statute or decision of a court violates the obligation of a contract, we must first determine what are the relative contractual rights and obligations under the contract. This we have endeavored to do. If we have arrived at a correct conclusion in that respect, it is difficult to perceive how it can be said that we have violated the obligation of the contract. The proposition advanced by the plaintiff assumes that its construction of the contract is correct, and from this assumption concludes that the obligation of the contract has been violated. The assumed promise constitutes the very question to be decided. This process of reasoning would always, when the rights of parties to a contract are controverted, place the Court in the dilemma of violating the contract clause of the Federal Constitution. We simply construed the contract in the light of the statute. Section 2751 of The Code. For the reasons set forth in the opinion filed in this cause and reported in 132 N. C., 517, 61 L. R. A., 937, we find that there is not error in the judgment of the Superior Court. Let this be certified to the Superior Court of Carteret County.

No Error.